**MEMO ENDORSED**

# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

| | |
|---|---|
| **Abdul K. Hassan, Esq.** | Tel: 718-740-1000 |
| Email: abdul@abdulhassan.com | Fax: 718-740-2000 |
| *Employment and Labor Lawyer* | Web: www.abdulhassan.com |

**May 29, 2025**

**Via ECF**

Hon. Valerie E. Caproni, USDJ
United States District Court, SDNY
40 Foley Square, Courtroom 443
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/30/25

<center>

Re: **Espaillat v. W. 205 Realty Co., LLC et al**
    Case No. 24-CV-09157 (VEC)(SDA)
    **Motion for Reconsideration and Clarification, etc.**

</center>

Dear Judge Caproni:

      My firm represents plaintiff Alejandro Espaillat in the above-referenced action, and I respectfully write to seek reconsideration and clarification of this Court's May 29, 2025 order at ECF No. 24, especially because the Court's order is likely to be the subject of an appeal and the Second Circuit would need or significantly benefit from this Court's explanation and analysis of the material issues that were overlooked and/or misconstrued as set forth herein.

      In the context of a motion for reconsideration and as to matters that were overlooked and/or misconstrued, the movant is not charged with knowing the Court's private thoughts and can only go by what is written and placed in the record before the Court and the parties. The fact that I do not raise certain issues herein, does not mean that I agree with the Court on those issues as I strongly disagree with the Court's Order – it simply means that they are not the proper subject for a motion for reconsideration/clarification and will be addressed on appeal if necessary.

      First, the Court did not address the argument that failure to set forth the legal basis for the sanctions deprived Plaintiff of proper notice and opportunity to address the basis for sanctions. (ECF No. 23 pg. 3). Indeed, Plaintiff's counsel had to guess the basis and he responded under 28 USC §1927 but the Court apparently cited another basis (Fed. R. Civ. P. 16(f)) in its sanctions order.

<center>1</center>

Second, the Court did not address the argument that none of the intended beneficiaries of the sanctions order requested fees or have indicated their willingness to accept the award of fees. (ECF No. 23 pg 4). Relatedly, in ordering that "Mr. Lindenfeld and Mr. Weinberger must provide Mr. Hassan with their hourly rate by June 2, 2025. Mr. Hassan must file proof of payment on the docket by no later than June 6, 2025" the Court seems to mandate that the defense attorneys accept the fees whether they like it or not, and regardless of whether they are seeking said fees and are not willing to accept such fees. In most cases, it can be assumed that the recipients want the fees etc., but this case appears to be an exception. (ECF No. 23 pg. 4 ¶ 3). As such, it is respectfully requested that this Court allow defense counsels to state whether they are seeking fees - this is especially warranted where the sanctions are apparently intended to compensate defense counsels for *undue* loss of time and they would obviously be in a position to know whether there was an *undue* loss of time in the circumstances that warrant an award and acceptance of fees.

In other words, can the defense attorneys decline to provide their billing rate and decline the award of fees without angering this Court and risking sanctions? Clarification and guidance from the Court is respectfully requested, especially where I was unable to find any authority that allows a Court to force parties to accept an award of fees that they did not seek and do not want – for a variety of reasons that may include legal inappropriateness, unfairness, etc.

Similarly, can Plaintiff's counsel object to whatever billing rate is provided by defense counsels, if any, without angering this Court and risking further sanctions. It seems that Plaintiff's counsel does have a right to object to an unreasonable rate and that if such objection is made, this Court then has the obligation to determine a reasonable rate under the factors set forth by the Second Circuit and U.S. Supreme Court. See i.e. *Hensley v. Eckerhart*, 461 U.S. 424 (1984) and *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010).

Finally, this Court should, including for the benefit of the Second Circuit, explain its reasons for denying the Urgent request for adjournment or to participate by telephone, which was made the day before the conference, on consent of all parties. (ECF No. 23 Ex. 1). This is very material because if the Second Circuit concludes that the Court was not fully aware of the good faith request before it or abused its discretion in not granting the good faith request in the circumstances here, then the sanctions would be vacated for this reason as well.

I thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**   **Defense Counsels via ECF**

Mr. Lindenfeld and Mr. Weinberger must provide Mr. Hassan and the Court with their hourly rates by June 6, 2025 in a sealed submission.  Mr. Hassan's obligation to reimburse defense counsel for his failure to appear at the May 23, 2025 conference is STAYED.  Mr. Hassan must file a letter by June 13, 2025, with any objections to the rate. Given that he now knows the legal basis for the Court's decision to impose sanctions, his letter can add any additional arguments he wishes to make either to the imposition of sanctions or the amount.

SO ORDERED.

5/30/25

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE